UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BETSY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-405 |
| | ) | (VARLAN/SHIRLEY) |
| WYNDHAM VACATION OWNERSHIP, | ) | |
| INC., FAIRFIELD RESORTS, and | ) | |
| GERALD HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants Wyndham Vacation Ownership, Inc. ("Defendant Wyndham"), Fairfield Resorts ("Defendant Fairfield"), and Gerald Hayes' ("Defendant Hayes") (hereinafter collectively referred to as "Defendants") motions to dismiss Plaintiff Betsy White's ("Plaintiff White") claims. [Docs. 9, 18.] Plaintiff White has filed responses in opposition to Defendants' motions. [Docs. 11, 19.] Defendants Wyndham and Fairfield have filed reply brief. [Doc. 12.] Additionally, the Court heard argument on Defendant Wyndham and Fairfield's motion on February 18, 2009. [Doc. 17.] Defendant Hayes filed his *pro se* motion to dismiss after the February 18, 2009, motion hearing. Because Defendant Hayes' motion makes identical arguments to those raised by Defendants Wyndham and Fairfield in their motion to dismiss, the Court addresses the Defendants' motions together. The motions are now ripe for determination.

The Court has carefully reviewed the pending motions, responsive pleadings, and supporting materials in light of the applicable law. [*See* Docs. 9, 10, 11, 12, 18, 19.] For the reasons set forth herein, the Court will convert Defendants' motions to dismiss into those for summary judgment and grant summary judgment in this matter in favor of Defendants.

## I. BACKGROUND

Around July of 2001, Plaintiff White was hired to work in the office of Defendants Wyndham and Fairfield. [Doc. 1 at 2.] During the course of her employment, Plaintiff White alleges that another employee, Defendant Hayes, subjected her to sexually suggestive and derogatory comments as well as to improper sexual contact. [Doc. 1 at 1-3.] On November 15, 2006, the Tennessee Human Rights Commission received Plaintiff White's complaint charging Defendant Wyndham and Fairfield with sex discrimination. [*See* Doc. 10-1.] On June 24, 2008, the Tennessee Human Rights Commission administratively closed Plaintiff White's complaint because she requested an Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue. [Doc. 10-3.] On July 8, 2008, Plaintiff White received her requested EEOC Notice of Right to Sue. [Doc. 10-4.]

On August 8, 2008, Plaintiff White filed a Chapter 13 Voluntary Petition and Plan in the United States Bankruptcy Court ("Bankruptcy Court"). [Doc. 10-5.] The petition did not list her EEOC complaint or potential claims against Defendants as personal assets on her Schedule B or in her Statement of Financial Affairs. [Doc. 10-5 at 8, 19.] Plaintiff White signed declarations under penalty of perjury that her statement of financial affairs and debtor's schedules were true and correct. [Doc. 10-5 at 14, 37.] On August 12, 2008, the

2

Bankruptcy Court entered an order ordering Plaintiff White to make payments to the trustee and directing Plaintiff White to attend a meeting of creditors on September 11, 2008. [Doc. 10-8.] On October 1, 2008, there was hearing before the Bankruptcy Court where it was noted that objections to confirmation of Plaintiff White's bankruptcy plan had been resolved. [Doc. 12-2.]

On October 2, 2008, Plaintiff White filed her complaint in the present case. [Doc. 1.] In the complaint, she alleged sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq*. [Doc. 1 at 2.] She also made claims for battery, assault, and intentional infliction of emotional distress. [Doc. 1 at 2.] Her complaint seeks $250,000 in compensatory damages and $1 million in punitive damages. [Doc. 1 at 4.]

On October 3, 2008, Plaintiff filed an application with the Bankruptcy Court to employ Attorney Michael Shipwash ("Mr. Shipwash") to act as her attorney "in a sexual harassment lawsuit." [Doc. 10-9.] On October 10, 2008, the Bankruptcy Court granted Plaintiff White's application to employ counsel. [Doc. 10-10.] On November 6, 2008, Defendants Wyndham and Fairfield filed the pending motion to dismiss. [Doc. 9.] On November 11, 2008, Plaintiff White filed an amended "Statement of Financial Affairs" with the Bankruptcy Court, which listed the present action under the category of "Suits and administrative proceedings, execution, garnishments and attachments." [Doc. 11-2 at 2.] On February 24, 2009, Defendant Hayes filed his *pro se* motion to dismiss. [Doc. 18.] Both of

3

the Defendants' motions contend that Plaintiff White's claims against them are barred by judicial estoppel.

## II. ANALYSIS

### A. Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

When a district court considers materials outside of the pleadings when ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a district court can enter summary judgment *sua sponte*. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998). However, "under Fed. R. Civ. P. 12(b), before the district court may treat a motion to dismiss as a summary judgment motion, it must give 'all parties . . . reasonable opportunity to present all material made pertinent to' the issue." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (omission in original). "Whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case." *Salehpour*, 159 F.3d at 204. In other words, "[w]here one party is likely to be surprised by the proceedings, notice is required." *Id.* In the present case, Plaintiff White presented material outside of the pleadings as part of her opposition to Defendants' motions, which Defendants addressed in their subsequent filings. [*See* Doc. 11-1; 12 at 4.] In light of Plaintiff White's submission of material outside of the pleadings and Defendants' discussion of such material in their filings, the facts and circumstances of this case indicate that the parties are unlikely to be surprised of a conversion of the motions to dismiss. Accordingly, because the Court will rely on materials outside of the pleadings in resolving the pending motions, the Court converts the pending motions to dismiss into ones for summary judgment.

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

5

The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### B.     Judicial Estoppel

In their motions, Defendants contend that Plaintiff White asserted a contrary position in her bankruptcy petition when she failed to disclose the present lawsuit as an asset. Because her petition was preliminarily adopted by the Bankruptcy Court's August 12, 2008, order, Defendants contend that her claims in the present lawsuit are legally barred due to

6

judicial estoppel. Plaintiff White responds that her claims are not barred by judicial estoppel because she did not assert a contrary position in her bankruptcy petition. Even if she gave a contrary position, Plaintiff White contends that it was the result of inadvertence or mistake and, therefore, should not bar her claims in the present cause of action. Plaintiff White argues that she has amended her bankruptcy petition to reflect this lawsuit. Defendants reply that Plaintiff White has presented no legitimate arguments or evidence to demonstrate that judicial estoppel is inapplicable under the facts presented in this case. Defendants further argue that Plaintiff White is bound by the actions of her freely chosen attorney, and any belated and incomplete amendment of her bankruptcy petition is insufficient to cure the omission since amendments after a defendant puts a plaintiff on notice of judicial estoppel do not negate the application of judicial estoppel.

Judicial estoppel "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as a part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). The purpose of the doctrine of judicial estoppel is to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning*, 283 F.3d at 776 (quoting *Teledyne Indus. Inc.*, 911 F.2d at 1218). However, the doctrine of judicial estoppel "should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'" *Eubanks*

7

*v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc.*, 911 F.2d at 1218)). The doctrine of judicial estoppel is inappropriate in cases of mistake or inadvertence. *Browning*, 283 F.3d at 776.

In her opposition to Defendants' motions, Plaintiff White first argues that the first element of judicial estoppel is lacking because she did not assert a contrary position in her bankruptcy petition. It is "well-settled" that debtors have a continuing duty to disclose all potential causes of action and that disclosure obligations of consumer debtors are "at the very core of the bankruptcy process." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (citations omitted). The Sixth Circuit has recognized that "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Id.* at 425. In *Lewis*, the plaintiff did not list an employment discrimination claim in her Chapter 13 bankruptcy petition, both in the "Statement of Financial Affairs" section and in the "Schedule B - Personal Property" section that required her to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." *Id.* at 422. After the Bankruptcy Court approved her bankruptcy plan, the plaintiff then initiated her employment discrimination claim by sending a letter to the EEOC. Based on these facts and circumstances, the *Lewis* court concluded "pursuit of her current discrimination action is without question 'contrary to' her sworn bankruptcy petition" for purposes of the judicial estoppel analysis. *Id.* at 425. As in *Lewis*, Plaintiff White failed to include her claims against Defendants in her initial Chapter 13 petition, in either the "Statement of Financial Affairs"

8

or "Schedule B - Personal Property" for the category of "[o]ther contingent and unliquidated claims of every nature." [Doc. 10-5 at 8, 19.] The nearly identical omissions in *Lewis* and the present case support a finding that Plaintiff White asserted a contrary position in her bankruptcy petition.

Though the two cases do differ in terms of when complaints were filed with the EEOC or relevant state agency, such differences tend to show even more strongly that Plaintiff White asserted a contrary position in her bankruptcy petition. While the *Lewis* plaintiff had not yet filed a complaint with the EEOC when the bankruptcy court confirmed her bankruptcy plan, Plaintiff White filed her EEOC complaint nearly two years before filing her bankruptcy petition. [Doc. 10-1.] Her complaint was only administratively closed on July 1, 2008, when her attorney, Mr. Shipwash, requested the Notice of Right to Sue. [Doc. 10-3.] Because Plaintiff White was directed to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case" in the "Statement of Financial Affairs" of her bankruptcy petition, she asserted a contrary position when she did not include her discrimination claim even though the EEOC complaint was still active approximately a month before she filed her bankruptcy petition. [Doc. 10-5 at 8 (emphasis in original).] Furthermore, since Plaintiff White had received her Notice of Right to Sue from the EEOC on July 8, 2008, her employment discrimination claim constituted "[o]ther contingent and unliquidated claims of every nature" that should have been included in the "Schedule B - Personal Property." [Docs. 10-4; 10-5

9

at 19.] Therefore, Plaintiff White's argument that she did not assert a contrary position in her bankruptcy petition is unavailing.

Alternatively, Plaintiff White contends that any alleged contrary position given to the Bankruptcy Court was inadvertent or a mistake. In *Browning*, the Sixth Circuit identified two circumstances where failure to disclose a cause of action in a bankruptcy proceeding might be deemed inadvertent: (1) where the debtor lacks knowledge of the factual basis of the undisclosed claims and (2) where the debtor has no motive for concealment. *Browning*, 283 F.3d at 776. Based on the record before the Court, there is no question that Plaintiff White had knowledge of the factual basis for her discrimination claims. Her complaint with the Tennessee Human Rights Commission, which describes the factual basis for her claims in this action, was submitted nearly two years before the filing of her bankruptcy petition. [Doc. 10-1.] Her knowledge of the claims is also shown by her request for the EEOC Notice of Right to Sue on May 27, 2008, just a few months before the filing of her bankruptcy petition. Additionally, in an affidavit submitted by Plaintiff White, her bankruptcy attorney, Steven Crawford ("Mr. Crawford"), states that "Betsy White did inform me of her case (i.e. the above styled action) when I met with her." [Doc. 11-1 at 1.] In light of all of this, Plaintiff White clearly had knowledge of the factual basis for the claims undisclosed in her bankruptcy petition. Likewise, Plaintiff White cannot rely on the second means of establishing inadvertence because "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 F. App'x at 426. As a result, she had a motive to conceal her claims against Defendants.

10

Even though Plaintiff White did not lack knowledge of her claims and had motive to conceal them, the Sixth Circuit has recognized that "constant affirmative" efforts taken by a plaintiff may demonstrate that an omission from the bankruptcy petition was in good faith and in all likelihood inadvertent. *Eubanks*, 385 F.3d at 899 n.2. In other words,

> [E]ven if the debtor has knowledge of a potential cause of action and a motive to conceal it, if the plaintiff does not actually conceal it and instead takes affirmative steps to fully inform the trustee and the bankruptcy court of the action, it is highly unlikely that the omission in the bankruptcy petition was intentional. In such a case, the equitable principles governing judicial estoppel do not support its application.

*Lewis*, 141 F. App'x at 426. However, in *Lewis*, the Sixth Circuit determined that "inadvertence" was lacking when a plaintiff had not made similar efforts to alert the bankruptcy court or trustee of the omission. *Id.* at 427 ("Nevertheless, Lewis's actions in the present actions in the present case pale in comparison to the actions taken by the plaintiffs in *Eubanks*. . . . Lewis never sought to amend her bankruptcy schedules, nor did she file a motion or make any other sort of attempt to inform the bankruptcy court of her discrimination action.").

In the present case, Mr. Crawford states in his affidavit that "[w]hen I appeared in Court on Ms. White's bankruptcy, this lawsuit was discussed, as well as, any potential claims thereof." [Doc. 11-1 at 2.] There is also Plaintiff White's application to the Bankruptcy Court to employ Mr. Shipwash as her attorney in a sexual harassment lawsuit. [Doc. 10-9.] However, even when construed most favorably toward Plaintiff White, this simply does not rise to the level of "constant affirmative" efforts sufficient to establish good faith as in

11

*Eubanks*. These efforts do not establish that the Bankruptcy Court was made "aware that the cause of action had been omitted from the bankruptcy petition" or that Plaintiff White made any timely attempt to rectify such omission. *Lewis*, 141 F. App'x at 427. Notably, on October 20, 2008, Plaintiff White submitted an amendment to Schedule E of her bankruptcy petition. [Doc. 10-11.] However, she made no similar effort to amend her bankruptcy petition with respect to her discrimination claim despite already filing an application to employ Mr. Shipwash on October 3, 2008. [Doc. 10-9.] Such evidence indicates an awareness of her continuing obligation to amend her bankruptcy petition yet failure to do so with respect to her discrimination claims. Therefore, Plaintiff White's "minimal alleged effort" does not establish that the omissions from her bankruptcy petition and subsequent failures to amend her petition were inadvertent.

Plaintiff White's counsel has contended that he was uninvolved in her bankruptcy case, so judicial estoppel should not apply to the discrimination claims against Defendants. However, the Sixth Circuit has recognized that "although the '[debtor's] attorney failed to list [the debtor's] discrimination suit on the schedule of assets despite the fact that [the debtor] specifically told him about the suit, the attorney's omission is no panacea.'" *Lewis*, 141 F. App'x at 427 (alteration in original) (quoting *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289, 1295 (11th Cir. 2003)). In other words, a party is bound by the errors of his or her attorney. *Lewis*, 141 F. App'x at 427. In *Lewis*, the Sixth Circuit found that the plaintiff had presented no compelling reason to depart from the general rule that litigants are bound by the actions of their attorneys. *Id.* at 427-28. Likewise, even if Plaintiff White has

12

different counsel for her bankruptcy case and her discrimination case, she is nonetheless bound by the actions of her "freely selected agent" who took the position that she had not cause of action against the Defendants. *Id.* at 427.

The fact that Plaintiff White has subsequently filed an amended "Statement of Financial Affairs" with the Bankruptcy Court, which listed the present action under the category of "Suits and administrative proceedings, execution, garnishments and attachments," also fails to establish inadvertence or mistake in this matter. [*See* Doc. 11-2 at 2.] The Court notes that this amendment was sought only after Defendants Wyndham and Fairfield filed their motion to dismiss based on judicial estoppel. Under similar circumstances, other federal courts have noted:

> [t]he success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that the debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849, 859 (W.D. Tenn. 2005) (alteration in original) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)). The Court is persuaded by the reasoning of these courts; therefore, Plaintiff White's subsequent amendment after Defendants filed the present motion fails to establish inadvertence or mistake in this matter.

13

Another consideration for the Court is the timing of events in this case. In *Lewis*, the Sixth Circuit determined that the facts of the case supported a finding that the plaintiff had acted intentionally and in bad faith. *Lewis*, 141 F. App'x at 428. One such fact was the plaintiff beginning the process of filing her discrimination claim with the EEOC only after her bankruptcy plan was approved, which tended to show that she waited until the plan was approved before pursuing her discrimination action. *Id.* In the present case, Plaintiff White filed the present cause of action less than a month after the creditor's meeting and the day after a hearing in which the Bankruptcy Court confirmed the resolution of objections for her bankruptcy plan. Though Mr. Shipwash represented Plaintiff White as early as May 27, 2008, when he requested the Notice of Right to Sue on her behalf, the Bankruptcy Court application to employ him was filed only after the meeting with creditors and objections to confirmation hearing. The timing of events in this matter raises questions as to why Plaintiff White's discrimination claims were not included on her original bankruptcy petition or at least timely amended after the filing of the present lawsuit, all of which further weaken her contention of inadvertence or mistake in this matter.

In light of all of the above, the Court believes that judicial estoppel is appropriate in this matter and will grant Defendants' request to dismiss this matter.

## III. CONCLUSION

For the reasons set forth herein, Defendants' motions to dismiss [Docs. 9, 18] will be converted to those for summary judgment, and summary judgment will be **GRANTED** in favor of Defendants Wyndham Vacation Ownership, Inc., Fairfield Resorts, and Gerald Hayes. Plaintiff White's claims will be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 56(c).

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE